IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD WILLIAMS, | ) |
| | ) Case No. 1:21-cv-819 |
| Plaintiff, | ) |
| | ) Hon. Charles P. Kocoras, |
| v. | ) District Judge |
| | ) |
| KRISTON KATO, SAMUEL CIRONE, PATRICIA SAWCZENKO, JOHN FARRELL, SERGEANT CHASEN, M. CRONIN (Star No. 15490), J. RAWSKI (Star No. 3556), SERGEANT J. RISLEY (Star No. 975), UNKNOWN EMPLOYEES of the CITY OF CHICAGO, and the CITY OF CHICAGO, | ) ) ) ) ) ) ) ) ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO APPOINT PAMELA RISLEY AS
SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANT RISLEY**

Plaintiff, BERNARD WILLIAMS, by and through his attorneys LOEVY & LOEVY, respectfully moves this Court to appoint Pamela Risley as special representative to defend this action as a representative of deceased Defendant Sergeant J. Risley, stating as follows:

1. Plaintiff filed this lawsuit on February 12, 2021. Dkt. 1. Plaintiff filed an Amended Complaint following the favorable termination of his criminal proceedings. Dkt. 42.

2. Plaintiff's Amended Complaint alleges that he was wrongfully convicted of the 1996 shooting murder of Gary Thomas. Dkt. 42, ¶ 1. Plaintiff further alleges that various Chicago Police Department employees—including Defendant Sergeant J. Risley—framed Plaintiff for a crime that he did not commit, causing him to be wrongfully incarcerated for over 23 years. *Id.* ¶¶ 1–6.

3. Defendant Sergeant J. Risley died on or around February 5, 2009. On November 1, 2023, counsel for the individual defendants notified Plaintiff that an estate had been opened and subsequently closed for Defendant Risley. On November 21, 2023, counsel notified Plaintiff that Defendant Risley's wife, Pamela Risley, was willing to serve as his special representative to defend this action.

4. Federal district courts in Illinois have the power to appoint special administrators consistent with Illinois law. *Stewart v. Special Administrator of the Estate of Mesrobian*, 559 Fed. App'x 543, 548 (7th Cir. 2014) (recognizing this power); *Anderson v. Romero*, 42 F.3d 1121, 1124–35 (7th Cir. 1994) (appointing attorneys as special administrators after death of a plaintiff); *see also Ward v. Edgeton*, 59 F.3d 652, 653 (7th Cir. 1995) ("42 U.S.C. § 1988 authorizes us to borrow provisions of state law where necessary to provide a complete remedy in a suit under 42 U.S.C. § 1983.").

5. Illinois law provides for the appointment of a special representative for purposes of defending an action that survives a defendant's death. 735 ILCS 5/13-209(b)(2); *see also Relf v. Shatayeva*, 998 N.E.2d 18, ¶¶ 25–31, 35, 38 (Ill. 2013) (discussing the procedure for appointing a special representative and the distinction between a special representative and a personal representative).

6. The constitutional and state-law claims alleged by Plaintiff survive the death of deceased Defendant Risley. *See Hicks v. Young*, No. 10-CV-3874, 2012 WL 1755735, at *1 (N.D. Ill. May 15, 2012) (holding that under Illinois state law, Section 1983 claims and state-law claims survive the death of a defendant).

7. Courts in this district have appointed special representatives in these circumstances. *See, e.g., DeLeon-Reyes v. Guevara*, No. 18-CV-1028, 2019 WL 1200348, at *2 (N.D. Ill. Mar.

2

14, 2019) (appointing special representatives for deceased defendants in wrongful conviction case); *Starks v. Waukegan, et al.*, No. 09-CV-348 (N.D. Ill. Jan. 15, 2014), Dkt. 208 (same); *Savory v. Cannon*, *et al.,* No. 17-CV-204 (N.D. Ill. Mar. 9, 2017), Dkt. 41 (same); *Rivera v. Lake County, et al*., 974 F. Supp. 2d 1179, 1199 (N.D. Ill. 2013) ("This Court has the discretion to appoint a special representative so that the action can be maintained in case the estate has assets that can be recovered.") (citation omitted); *Tamburo v. Dworkin*, No. 04-CV-3317, 2012 WL 104545, at *4 (N.D. Ill. 2012); *Nevest Coleman v. City of Chicago, et al*., 18-CV-998 (N.D. Ill. July 18, 2018), Dkt. 64; *see also Vaughn v. Griffin*, No. 15-CV-2047 (C.D. Ill. Sept. 19, 2017), Dkt. 213; *Ross v. Gossett*, No. 15-CV-309 (S.D. Ill. July 20, 2017), Dkt. 368.

8. Thus, this Court can appoint Pamela Risley as special representative for deceased Defendant Risley so that this action may be maintained against him.

9. Plaintiff will not seek punitive damages against the special representative of deceased Defendant Risley in this action.

10. Counsel for Defendants identified Pamela Risley, Defendant Risley's wife, as being willing to serve as Defendant Risley's representative in this action, but they object to the motion.

WHEREFORE Plaintiff respectfully requests that the Court appoint Pamela Risley as special representative for Defendant Risley, deceased.

RESPECTFULLY SUBMITTED,

**BERNARD WILLIAMS**

By: /s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Steve Art
David B. Owens
Alyssa Martinez

                                                                                                                             LOEVY + LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
alyssa@loevy.com

**CERTIFICATE OF SERVICE**

I, Alyssa Martinez, an attorney, hereby certify that I filed the foregoing MOTION TO APPOINT PAMELA RISLEY AS SPECIAL REPRESENTATIVE FOR DEFENDANT RISLEY, using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Alyssa Martinez
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Steve Art
David B. Owens
Alyssa Martinez
LOEVY + LOEVY
311 N. Aberdeen Street
Chicago, IL 60607
(312) 243-5900
steve@loevy.com

5