UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
Eastern Division

John Velez
                           Plaintiff,

v.                                         Case No.: 1:18−cv−08144
                                                       Honorable Edmond E. Chang

Thomas J. Dart, et al.
                           Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, November 30, 2020:

      MINUTE entry before the Honorable Edmond E. Chang: On review of the motion [75] to stay and to bifurcate the Monell claim, the motion is denied. It is true that, in several prior cases, the Court has granted motions asking for the same relief. Often (though not always), Monell claims are dependent on individual liability, so if the individual claims fail, then the Monell claims do too. And if the municipality is willing to pay compensatory damages if the individual claims prevail, and there is no potential for injunctive relief, then there is no need to waste time and resources on litigating the Monell claim with the individual claim. Despite what the Plaintiff argues here, the Monell claim is indeed dependent on individual liability too. But the Court must strike a balance when evaluating these bifurcation motions, also taking into account the probative force a Monell claim has on proving−up the individual claim. The defense anticipated and tried to distinguish a prior case like that, R. 75 at 7−8 (discussing the still−pending Holmes v. Hernandez, Case No. 14−cv−08536), which the Court appreciates, but the allegations in this case tip the balance toward denying the motion. As the Holmes case exemplified, R. 139, R. 343 at 2, the more egregious the alleged misconduct, the more valuable the probative force of the Monell claim in proving the individual claim. That is, an individual defendant is more likely to commit the alleged constitutional violations (in Holmes, a fatal shooting) if a policy or custom was a moving force behind the misconduct. The more egregious the allegations, the more likely that non−lawyer jurors are naturally skeptical that the alleged misconduct happened, given that the jury would assume that other mechanisms−−including the municipality's own policies and disciplinary watchfulness−−are in place to tamp down the possibility of the misconduct. Here, Velez alleges that he was framed for \*\*murder,\*\* R. 91, the most serious frame−up possible. The Monell claim thus has strong probative value in proving the individual claim. Yes, there surely will be delay and expense added to the case, but the balance favors moving ahead with Monell discovery. Of course, the Court urges the parties to focus on the most tightly relevant Monell allegations, rather than wide−open discovery into every kind of wrongful conviction. The Court has no doubt that the magistrate judge will expertly manage Monell discovery. For example (but this is for the magistrate judge to decide), limits on Monell discovery could include focusing only on wrongful convictions in murder prosecutions specifically; and cases in which the fabrication of evidence consisted of pressuring eyewitnesses (like in this case) and in which the withholding of exculpatory

evidence was specific to alleged street files. Also, the magistrate judge is free to set appropriate limits based on burden, proportionality, and any other pertinent limit (such as the relevant time period and the number of other wrongful−conviction cases), as well as to order cost−splitting. The parties might also look to the Monell discovery packages, if any, in other wrongful−conviction lawsuits. Lastly, as discovery progresses, the defense can renew the motion if the balance changes. The motion is denied.Emailed notice(eec)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.