**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BERNARD WILLIAMS, | ) |
| *Plaintiff*, | ) Case No. 1:21-cv-819 |
| v. | ) Hon. Charles P. Kocoras, |
| | ) District Judge |
| KRISTON KATO, SAMUEL CIRONE, PATRICIA SAWCZENKO, JOHN FARRELL, SERGEANT CHASEN, M. CRONIN (Star No. 15490), J. RAWSKI (Star No. 3556), SERGEANT J. RISLEY (Star No. 975), UNKNOWN EMPLOYEES of the CITY OF CHICAGO, and the CITY OF CHICAGO, | ) |
| | ) **JURY TRIAL DEMANDED** |
| *Defendants*. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO APPOINT PAMELA RISLEY
AS SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANT RISLEY**

Plaintiff, BERNARD WILLIAMS, by and through his attorneys LOEVY & LOEVY, in reply in support of his motion to appoint Pamela Risley as special representative for deceased Defendant Risley, states as follows:

**INTRODUCTION**

Plaintiff submits this brief reply to address several important issues relating to the appointment of a special representative for deceased Defendant Risley that are misstated in Defendants' response brief.

**PROCEDURAL HISTORY**

Plaintiff filed this lawsuit on February 12, 2021. Dkt. 1. On April 6, 2021, this case was stayed pending Plaintiff's ongoing criminal prosecution. Dkt. 34. After his acquittal in the criminal

1

case, on September 6, 2023, the stay was lifted, Dkt. 38, and then, on September 20, 2023, Plaintiff filed an Amended Complaint adding allegations concerning the favorable termination of his criminal proceedings. Dkt. 42.

Before the lawsuit was ever filed, on February 3, 2009, Defendant Sergeant J. Risley died. Dkt. 66-1 at 2. Plaintiff did not learn of his death until Defendants filed a suggestion of death on March 17, 2021, shortly before the case was stayed. Dkt. 30.

Plaintiff first discussed appointment of a special representative to defend the suit in the place of deceased Defendant Risley with Defendants on October 23, 2023. Defendants said they would investigate and contact family members of Mr. Risley who might serve as a special representative. *See* Exhibit 1 at 3-4. The parties then again discussed the issue on November 1, 2023, during their 26(f) conference. Defendants notified Plaintiff that an estate had been opened and closed for Mr. Risley and that they were in the process of following up with his next of kin to determine who should be appointed as representative. *See* Exhibit 2 at 1. On November 22, 2023, Defendants emailed Plaintiff saying that "Pamela Risley, the widow of John Risley, has agreed to serve as personal representative for his estate. Please revise [the] motion accordingly and send it to us for review." *See* Exhibit 1 at 3.

However, after Plaintiff sent the motion, Defendants reversed course and stated that they object to the motion as it is beyond the 90 days contemplated by Federal Rule of Civil Procedure 25. *Id.* at 1-2. Plaintiff, in the interest of moving this case diligently along, informed Defendants that Rule 25 was inapplicable here, given that Defendant Risley had passed years before the case was filed—he had never been a party in the first place, and so the issue was whether a special representative should be appointed to defend the case in his place, and not whether some party should be substituted under Rule 25—but that he would note Defendants' objection in his motion.

2

*Id*. at 1. Plaintiff received no response, and Plaintiff filed his motion. Dkt. 61.

## DISCUSSION

In their response to Plaintiff's motion, Dkt. 66, Defendants make a number of errors regarding appointment of a special representative that must be addressed.

First, Defendants ignore the fact that less than two months after filing, this case was stayed pending Mr. Williams's criminal proceedings for nearly two-and-a-half years. Dkt. 34. That stay, which began on April 6, 2021, was not lifted until September 6, 2023 after Plaintiff was acquitted of all charges against him. Dkt. 38. Plaintiff's claims in this suit did not accrue, nor did any statute of limitations begin to run, until Plaintiff's acquittal in 2023. As the Supreme Court explained in *McDonough v. Smith*, "'in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' a plaintiff in a § 1983 action first ha[s] to prove that his conviction had been invalidated in some way." 139 S. Ct. 2149, 2157 (2019) (quoting *Heck v. Humphry*, 512 U.S. 477, 486 (1994)). As such, Defendants' assertion that Plaintiff simply delayed and waited too long to substitute in Mrs. Risley is not only self-serving, but is legally wrong. Plaintiff was unable to seek substitution while this case was stayed, and he acted diligently once the stay was lifted.

Second, Defendants incorrectly state that Plaintiff was limited to six months from Defendant Risley's death within which to substitute a personal representative (and they also appear to confuse personal and special representatives).[1] Dkt. 66 at 4. However, this argument is wrong

---

[1] Defendants state that Plaintiff is "plainly incorrect, however, that this provision [735 ILCS 5/13-209(b)] permits a personal representative to be appointed for the purpose of suing Mr. Risley in this case." Dkt. 65 at 4. However, Plaintiff is not moving for this Court to appoint any personal representative, as it does not have the power to do so. Rather, Plaintiff is moving for Mrs. Risley to be appointed as the special representative of Mr. Risley in this case under 5/13-209(b)(2). While it is true that she was the personal representative of Mr. Risley's estate in 2009, *Lichter v. Carroll* leaves open the availability of Plaintiff to *choose* under which provision he wishes to proceed. 2023 IL 128468, ¶ 22 (holding that the "subsections contain the word 'may,' confirming that either option is available to the plaintiff for her choosing and one

3

for at least two reasons. For one, Defendants have cited the wrong part of the applicable statute. Plaintiff has sought relief under 735 ILCS 5/13-209(b)(2), which controls where, as here, a defendant has died before a statute of limitations has run and Plaintiff was unaware of that death prior to filing suit. Plaintiff is then able to move to appoint a special representative. Defendants have mistakenly cited and analyzed subsection (b)(1), which provides a separate mechanism for substituting in a personal representative within six months of a defendant's death, and imported its six-month statute of limitations. When Defendant Risley passed in 2009, the statute of limitations on Plaintiff's claims—which assert claims for fabrication of evidence and *Brady* violations that challenge his wrongful conviction and prosecution—had yet to accrue let alone transpire. In 2009, Plaintiff's claims were *Heck*-barred. *See, e.g.*, *McDonough*, 139 S. Ct. at 2156–57 (fabrication claim did not accrue until acquittal); *Savory v. Cannon*, 947 F.3d 409, 417 (7th Cir. 2020) (suppression of evidence, fabrication, and false confession claims governed by *Heck*); *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) (holding that "[a] *Brady* claim ... [is controlled] by *Heck* [ ]" and does not accrue until conviction or sentence is set aside); *Ellis v. City of Chicago*, No. 13-cv-2382, 2016 WL 212489, at *10 (N.D. Ill. Jan. 19, 2016) (fabrication claim went "to the heart of [Plaintiff's] state court conviction," which remained extant, and thus barred as premature by *Heck*). As a result, Plaintiff was unable to avail himself of 5/13-209(b)(1) and proceeded under 5/13-209(b)(2) which applies here. Indeed, the Illinois Supreme Court in *Lichter v. Carroll* specifically held that the 6-month limitation in 5/13-209(b)(1) does not apply to circumstances covered by 5/13-209(b)(2). 2023 IL 128468, ¶¶ 30-32. Instead, the court held that "a plaintiff moving to appoint a special representative pursuant to subsection (b)(2) must do so within two years of the time limit for the commencement of the original action." *Id.* ¶ 33 (internal quotation

---

subsection does not preclude the use of the other." (citing *Krautsack v. Anderson*, 223 Ill. 2d 541, 554 (2006)).

marks omitted). Of note, Defendants make no analysis of the subsection Plaintiff is proceeding under, 5/13-209(b)(2).

Third, Defendants' reliance on 755 ILCS 5/18-12(b) as being a complete bar to any § 1983 lawsuit against any officer that passed more than two years previous with an estate is neither accurate nor a bar here. Dkt. 65 at 6-7. Rather, 755 ILCS 5/18-12(c), in reference to subsections (a) and (b), clearly states that "This Section does not bar actions to establish liability of the decedent to the extent the estate is protected by liability insurance." Further, in the cases Defendants cite, courts in this District and Circuit have made clear that liability insurance is still available, even if the two years have passed under 755 ILCS 5/18-12(b). *See Ezell v. City of Chicago*, No. 18-cv-1049, 2020 WL 535130, at *4 (N.D. Ill. Jan. 17, 2020), *report and recommendation adopted*, No. 18-cv-1049, 2020 WL 2092876 (N.D. Ill. May 1, 2020); *see also Stewart v. Special Adm'r of Est. of Mesrobian*, 559 F. App'x 543, 548 (7th Cir. 2014) ("[T]he application of Illinois law would bar [plaintiff]'s suit unless the estate is covered by liability insurance because [defendant] died more than two years before [plaintiff] filed his complaint"). It is for precisely this reason that recovery against a deceased defendant is limited to liability insurance under 735 ILCS 5/13-209(b)(2) and 735 ILCS 5/13-209(c)(3). As such, it is a non-issue. It also would not make sense if there was a two-year complete bar to any suit when 735 ILCS 5/13-209(c)(3) contemplates a plaintiff that does not learn about a defendant's death until after the statute of limitations has run, and the statute then gives that individual two years from commencement of the original action to substitute in the personal representative.

Finally, Defendants' heavy reliance on *Ezell* as justifying denying Plaintiff's motion to appoint Pamela Risley as Defendant Risley's special representative is misplaced and actually weighs in Plaintiff's favor. In *Ezell*, the court heavily focused on the fact that Plaintiff supposedly

knew about the death of a defendant for two years and waited all that time to file anything regarding substitution. As noted above, this case was stayed, and Plaintiff was unable to make any progress. However, more notably, *Ezell* makes clear that the plaintiff in that case could avail himself of 735 ILCS 5/13-209(c), "which applies to instances where a plaintiff doesn't know a defendant has died when they file suit." *Ezell*, No. 18 C 1049, 2020 WL 535130, at *5.

735 ILCS 5/13-209(c) states that:

If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.
(2) The party proceeds with reasonable diligence to serve process upon the personal representative.
(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.
(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action.

While the court in *Ezell* ultimately ruled against the plaintiff, it was because the plaintiff provided no evidence that he proceeded with reasonable diligence. Here, Plaintiff would meet each of the elements of 735 ILCS 5/13-209(c), as laid out in his opening brief.[2] (1) Plaintiff moved with reasonable diligence to find out who Mr. Risley's personal representative is to substitute her in; (2) Plaintiff will move diligently to serve process upon her (and she is already on notice about this

---

[2] Defendants make the confusing argument that Plaintiff does not have recourse to substitute in Pamela Risley under 735 ILCS 5/13-209(c) because Mr. Risley died before the statute of limitations ran. Dkt. 66 at 3. They are incorrect. The date of death is irrelevant; the focus is on when the plaintiff learned of that death. As such, even if this Court were to find that the statute of limitations had run, Plaintiff would be entitled to avail himself of 735 ILCS 5/13-209(c).

case); (3) Plaintiff agreed to not seek punitive damages and that he is limited to liability insurance for recovery; and (4) Pamela Risley is the personal representative for Defendant Risley, and Plaintiff will amend her in forthright—certainly within 2 years of the statute of limitations.[3]

WHEREFORE Plaintiff respectfully requests that the Court appoint Pamela Risley as special representative for deceased Defendant Risley so that this action may be maintained against him.

RESPECTFULLY SUBMITTED,

**BERNARD WILLIAMS**

By:  /s/ Alyssa Martinez  
*One of Plaintiff's Attorneys*

Arthur Loevy  
Jon Loevy  
Steve Art  
David B. Owens  
Alyssa Martinez  
LOEVY + LOEVY  
311 N. Aberdeen Street  
Chicago, IL 60607  
(312) 243-5900  
alyssa@loevy.com

## CERTIFICATE OF SERVICE

I, Alyssa Martinez, an attorney, hereby certify that on January 12, 2024 I filed the foregoing REPLY IN SUPPORT OF HIS MOTION TO APPOINT PAMELA RISLEY AS SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANT RISLEY, using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Alyssa Martinez  
*One of Plaintiff's Attorneys*

---

[3] As noted above, *Lichter* allows for a plaintiff to proceed under 735 ILCS 5/13-209(b) or 735 ILCS 5/13-209(c) and that one subsection does not preclude the use of the other." 2023 IL 128468, ¶ 22 (citing *Krautsack v. Anderson*, 223 Ill. 2d 541, 554 (2006)).