**UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division**

Bernard Williams
                             Plaintiff,

v.                                                       Case No.: 1:21−cv−00819
                                                             Honorable Sunil R. Harjani

Kriston Kato, et al.
                             Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, April 24, 2024:

      MINUTE entry before the Honorable Sunil R. Harjani: Plaintiff's motion to appoint Pamela Risley as special representative [61] is granted. The issue presented here was thoroughly explored by the Court in Harris v. Zuley, 2024 WL 1739913 (N.D. Ill. Apr. 23, 2024) and the Court adopts its reasoning in full in reaching its decision in this case. In summary, 735 ILCS 5/13−209(b)(2) is the operative provision, 735 Ill. Comp. Stat 5/18−12(b) is not an impediment because it would nonsensically bar the claim here before it was even accrued (See also Weston v. City of Chicago, 2024 WL 168104 (N.D. Ill. Jan 16, 2024)), and the City's indemnification sufficiently serves as liability insurance for purposes of Section 13−209(b)(2) (See also Pursley v. City of Rockford, 2024 WL 1050242 (N.D. Ill. Mar. 11, 2024)). The Court does not hold the alleged delay advanced by the Defendants against the Plaintiff as this case was stayed for two years (2021−2023) while the underlying criminal case played out, which is why the situation in Ezell v. City of Chicago, 2020 WL 535130 (N.D. Ill. Jan. 17, 2020) is not present here. The Court also does not find that Plaintiff's reply brief raised new arguments, but merely responded to the points of law raised by Defendants in their response brief, and regardless, Defendants had the opportunity to respond in a sur−reply brief and thus suffered no prejudice. Finally, Harris v. Zuley also persuasively explained why certain statements in In re Estate of Ito, 50 Ill. App. 3d 817, 849 (1977) did not bar the result here. Pamela Risely is appointed special representative for deceased defendant Sergeant J. Risely. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.