**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BERNARD WILLIAMS, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:21-cv-819 |
| | ) | |
| v. | ) | |
| | ) | Hon. Sunil R. Harjani, |
| KRISTON KATO, SAMUEL CIRONE, | ) | District Judge |
| PATRICIA SAWCZENKO, JOHN | ) | |
| FARRELL, SERGEANT CHASEN, M. | ) | |
| CRONIN (Star No. 15490), J. RAWSKI | ) | Hon. Heather K. McShain, |
| (Star No. 3556), PAMELA RISLEY, as | ) | Magistrate Judge |
| special representative of SERGEANT J. | ) | |
| RISLEY (Star No. 975), UNKNOWN | ) | |
| EMPLOYEES of the CITY OF | ) | |
| CHICAGO, and the CITY OF | ) | **JURY TRIAL DEMANDED** |
| CHICAGO, | ) | |
| | ) | |
| *Defendants*. | | |

**JOINT STATUS REPORT**

The parties, by their respective attorneys, respectfully submit this joint status report, pursuant to this Court's order, Dkt. 82, and state as follows:

**I.      Written Discovery & Document Subpoenas**

1. Written discovery is ongoing. Plaintiff issued written discovery requests to Defendants on November 17, 2023, and the individual Defendants responded on February 19 and February 26, 2023. The individual Defendants issued discovery to Plaintiff on December 14, 2023, and Plaintiff responded on March 28, 2024. The City issued discovery to Plaintiff on February 29, 2024, and Plaintiff received an extension to May 6, 2024, and he will respond by then. Document production is still ongoing.

2. Defendants have issued document subpoenas to the Cook County State's Attorney's Office ("CCSAO"), the Cook County Public Defender's Office ("CCPD"), and the Cook County

1

Department of Corrections ("CCDOC") requesting documents relating to Plaintiff and his co-defendant, DeAngelo Johnson. Defendants further issued document subpoenas to the Menard Correctional Center ("MCC") requesting documents for DeAngelo Johnson and Lawrence Correctional Center ("LCC") requesting documents for Plaintiff. Defendants produced a no-records response from LCC and have thus far produced responsive records from CCDOC and CCPD. Defendants have also issued subpoenas to McCarthy & Valentini, LLC and Riley Safer Holmes & Cancilla, LLP (with the latter being returnable to Plaintiff).

3. On April 23, 2024, the parties met and conferred about new subpoenas that Defendants sought to issue to the Illinois Prison Review Board ("IPRB"), Illinois Attorney General Conviction Integrity Unit ("CIU"), the Illinois Attorney General's Office, Stateville and Loganville Correctional Center, GTL, Securus Technologies, JPay, Plaintiff's prior counsel, DeAngelo Johnson's prior and current counsel, and the Illinois Department of Corrections ("IDOC") Intelligence Center. The parties agreed that Defendants may issue their subpoenas to IPRB, CIU, and Illinois Attorney General's Office as written. The parties further agreed that Defendants could issue their subpoenas to Plaintiff's previous counsel (including Hon. William Engerman, Borovsky & Ehrlich, Giovannini & Fenner, and the State Appellate Defender's Office) subject to them being returnable to Plaintiff and the rider explicitly stating that the subpoenas do not request work product or attorney-client privileged communications. The parties are still conferring about privilege logs. Lastly, the parties agreed that Defendants' subpoenas to Stateville and Loganville can be issued as written, that Plaintiff's counsel will be copied on the correspondence, and that the riders will make clear that the subpoenas do not request mental health or medical records.

4. On April 29, 2024, the parties met and conferred again about Defendants' subpoenas. The parties agreed that Defendants can issue their subpoenas to GTL, Securus, JPay, and the IDOC

2

Intelligence Center so long as the riders makes clear that the subpoenas are only requesting call and emails logs and are not requesting actual recorded, written, or electronic communications. With respect to the subpoenas to Plaintiff's co-defendant's criminal defense attorneys (Karl Leonard of the Exoneration Project, Charles Snowden, and Judge Burch), Plaintiff stated his objection to the subpoenas to the extent that they seek work product and attorney-client communications and because they are unduly burdensome, to the extent they would require third-party attorneys to search through work product and attorney-client communications, particularly internal electronically-stored information. Defendants confirmed that for Johnson's prior counsel, as with the subpoenas to Plaintiff's prior counsel, Defendants are excluding work product and attorney-client communications from the scope of their subpoenas. The parties are still conferring about privilege logs. Finally, Plaintiff stated his position that Mr. Johnson's counsel should receive notice of these subpoenas so that the parties can confer on scope and privilege objections to avoid future litigation. Defendants' position is that they are not obligated to provide such notice to Mr. Johnson's attorney, a non-party, but that Plaintiff can provide notice to them if he so chooses. The parties are still conferring on the subpoenas to Plaintiff's co-defendant's criminal defense attorneys, and Plaintiff is going to let Defendants know if there was a joint defense privilege between his criminal defense attorney and the criminal defense attorneys for Mr. Johnson.

## II.     Protective Order and HIPAA Agreement

1.     There is no protective order or HIPAA-qualified order yet in place. The parties have had discussions regarding these orders and are still conferring on the appropriate language to be contained in each order. The parties expect to reach a resolution as to these orders shortly or will otherwise file appropriate motions seeking entry of these orders.

### III. Depositions

1. No depositions have yet occurred. Defendants served witnesses Eric Smith and Shawn Harris with deposition subpoenas. Eric Smith's deposition was scheduled for March 6, 2024, and Shawn Harris's deposition was scheduled for April 16, 2024, but the parties disagreed on who should get to question those witnesses first and agreed to reschedule those depositions. As part of the parties' April 29 meet and confer, Defendants stated, as a compromise and to avoid litigation, that witness deposition priority could go by alignment, rather than the party who first served the witnesses, and offered a proposal where Plaintiff proceeds first with Mr. Harris if Defendants get to proceed first with Mr. Smith. Plaintiff stated his position that witness alignment meant Plaintiff would question first for Mr. Harris since he testified before the grand jury and gave a statement to police implicating Plaintiff, and that there was split testimony for Mr. Smith who is a critical witness for Plaintiff's case-in-chief. The parties are still conferring on the issue.

2. Defendants also moved to depose DeAngelo Johnson, who is currently incarcerated, which this Court granted on November 2, 2023. Dkt. 57.

### IV. Settlement Efforts

1. Plaintiff issued a settlement demand on March 25, 2024. Defendants' counsel are communicating with the City regarding Plaintiff's demand and plan to provide a response to Plaintiff when those discussions are complete. After issuing a response, Defendants' counsel will confer with Plaintiff's counsel regarding a settlement conference.

RESPECTFULLY SUBMITTED,

/s/Daniel Noland  
Daniel Noland  
Special Assistant Corporation Counsel  
*One of the Attorneys for City of Chicago*

/s/Misha Itchhaporia  
Misha Itchhaporia  
Special Assistant Corporation Counsel  
*One of the Attorneys for Defendant Officers*

| | |
|---|---|
| Terrence Burns | Steven Borkan |
| Daniel Burns | Timothy Scahill |
| Daniel Noland | Graham Miller |
| Paul Michalik | Misha Itchhaporia |
| Katherine Morrison | Christiane Murray |
| Dhaviella Harris | Krista Stalf |
| Burns Noland LLP | Borkan & Scahill, Ltd. |
| 311 S. Wacker Drive, Ste 5200 | 20 South Clark Street |
| Chicago, Illinois 60606 | Chicago, Illinois 60603 |
| (312) 982-0090 | (312) 580-1030 |
| dnoland@burnsnoland.com | mitchhaporia@borkanscahill.com |

/s/Alyssa Martinez
Alyssa Martinez
*One of the Attorneys for Plaintiff*

Arthur Loevy
Jon Loevy
Steve Art
David B. Owens
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
alyssa@loevy.com