IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **BERNARD WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 21 C 819 |
| | ) | |
| **KRISTON KATO, SAMUEL CIRONE,** | ) | |
| **PATRICIA SAWCZENKO, JOHN FARRELL,** | ) | Hon. Sunil R. Harjani, |
| **SERGEANT CHASEN, M. CRONIN (Star No.** | ) | District Judge |
| **15490), J. RAWSKI (Star No. 3556), PAMELA** | ) | |
| **RISLEY, as Special Representative of** | ) | Hon. Heather K. McShain, |
| **SERGEANT J. RISLEY (Star No. 975),** | ) | Magistrate Judge |
| **UNKNOWN EMPLOYEES of the CITY OF** | ) | |
| **CHICAGO, and the CITY OF CHICAGO,** | ) | |
| | ) | |
| Defendants. | ) | |

**THE PARTIES' JOINT AGREED MOTION TO EXTEND FACT DISCOVERY**

NOW COME Defendants, KRISTON KATO, SAMUEL CIRONE, PATRICIA SAWCZENKO, JOHN FARRELL, MICHAEL CHASEN, MICHAEL CRONIN, JOHN RAWSKI, and PAMELA RISLEY, as Special Representative of SERGEANT J. RISLEY, (collectively "Defendant Officers" and the CITY OF CHICAGO, by and through their respective counsel, and Plaintiff, BERNARD WILLIAMS, by and through his respective counsel, and hereby move this Court for entry of an order extending the fact discovery deadline in this case. In support thereof, the parties state as follows:

1. Plaintiff filed his initial complaint on February 12, 2021. Dkt. 1. Plaintiff claims his constitutional rights were violated when the Defendants allegedly coerced false inculpatory statements from witnesses identifying him as the shooter in the Thomas murder, fabricated evidence—including a supposed confession from Plaintiff which he denies ever making and for which there is no

1

contemporary support, suppressed evidence, kept Plaintiff in pretrial detention without probable cause and conspired to violate his rights. *Id.*

2. This lawsuit stems from a murder investigation into the 1996 murder of Gary Thomas involving more than a dozen investigators and witnesses, two criminal co-defendants (Plaintiff and DeAngelo Johnson), a full criminal trial record, multiple post-conviction filings containing affidavits from several witnesses, and a full criminal trial record from the re-trial of Plaintiff.

3. The State sought to re-prosecute Plaintiff for the 1996 murder of Gary Thomas.

4. On April 6, 2021, the parties filed a joint motion to stay until resolution of Plaintiff's state court criminal trial which was granted. Dkt. 32; Dkt. 34.

5. On August 31, 2023, Plaintiff was acquitted of all charges in the state court criminal case.

6. On September 6, 2023, Plaintiff filed an unopposed motion to lift the stay which was granted. Dkt. 37; Dkt. 38.

7. Fact discovery is set to close in this case on August 16, 2024. Dkt. 60.

8. In connection with this twenty-eight-year-old murder, Plaintiff disclosed fifty-eight witnesses, including eyewitnesses, investigators, his criminal co-defendant, damages witnesses, a felony review prosecutor, a trial prosecutor, criminal defense attorneys for Plaintiff and his criminal co-defendant, and fifteen 404(b) witnesses. Similarly, Defendants also disclosed a number of witnesses and are in the process of disclosing potential Rule 404(b) rebuttal witnesses.

9. To date, the parties have exchanged several rounds of written discovery, Defendants have produced 42,000 pages of records, and Plaintiff has also produced thousands of pages of documents. No depositions have been completed at this time, but the parties have scheduled dates for the seven Defendant Officers for depositions to proceed in October, November, and December and are currently discussing dates for Plaintiff and his co-defendant as well as Plaintiff's disclosed

criminal defense attorneys, the felony review ASA, and the trial ASA. Additionally, the parties were unable to complete the July depositions identified in the last joint status report and anticipate motion practice should those witnesses not appear for their upcoming depositions. Dkt. 89; Dkt. 92.

10. The Parties have conferred but been unable to reach an agreement on the HIPAA and Confidentiality Orders and anticipate motion practice on these issues.

11. *Monell* discovery is ongoing. The parties have different positions:

    a. Defendant City of Chicago's Position: It is Defendant City's view this extension should apply to the underlying case only. Relative to the *Monell* claim, Plaintiff produced over 260,000 pages of documents Bates-stamped "PTP" concerning 217 separate incidents. Defendant City issued written discovery to better understand the nature and extent of Plaintiff's *Monell* claim, which confirmed the discovery necessary to litigate the *Monell* claim would overwhelm the discovery necessary for the underlying case. As a result, Defendant City intends to file a Renewed Motion to Bifurcate soon. The basis for the City's renewed motion to bifurcate concerns a change in the circumstances since the initial motion to bifurcate was filed, *i.e.*, Plaintiff's argument to Judge Kocoras that a *Thomas v. Cook County Sheriff's Department*-situation applied to the facts of this case, which will be fully explained in the forthcoming renewed motion. Finally, the City disagrees with Plaintiff's assertion that "the City has largely refused to participate in *Monell* discovery."

    b. Plaintiff's Position: This Court has already denied the City's motion to bifurcate *Monell* discovery in this case. *See* Dkt. 74. Plaintiff has produced a wealth of information in written discovery concerning cases in which police officers employed by the City of Chicago engaged in acts of torture or otherwise coerced criminal suspects to confess. Plaintiff did so in order to prove a widespread practice of torture and coerced

confessions in the Chicago Police Department. As this Court is aware, the City of Chicago has received these very documents in other pending litigation involving allegations of fabricated and coerced confessions. *See, e.g., Reyes v. Guevara*, No. 18 C 1028, Dkt. 439 (N.D. Ill.). Much of the documents are documents that originated from the City of Chicago. Meanwhile, the City has largely refused to participate in *Monell* discovery. Plaintiff's position is that a renewed motion asking the Court to reconsider its *Monell* discovery ruling would be meritless, as there is no new evidence or change in circumstance that would justify revisiting this Court's denial of the City's previous motion on the subject. Dkt. 74. The City should not be permitted to self-help itself to relief the Court has already denied. Plaintiff intends to seek fees and costs for having to respond to such a successive motion.

12. The Parties conferred on a fact discovery extension and are in agreement on a proposed extension of six months or until February 14, 2025.

13. Plaintiff respectfully requests that this be the final extension granted in this case. As noted above, this case was first filed in 2021 before being stayed for two years. The parties are deep in discovery, have most of the depositions scheduled to occur before December 2024, have already produced many pages of documentation, and much of the *Monell* discovery has already been completed in parallel cases concerning the same defendants and with the same counsel as here.

14. Defendants are unable to at this time agree that they will make no further request for an extension of the fact discovery deadline as there are several unknowns. First, the resolution of the HIPAA order as it is Defendants' position that Plaintiff has placed his mental state at issue with bringing forth this lawsuit and asserting a claim for severe emotional distress. Defendants have been unable to subpoena Plaintiff's medical and mental health records from IDOC as well as other treatment facilities from Plaintiff following his release. Plaintiff has alleged a claim for intentional

4

infliction of emotional distress and thus it is Defendants' position that he has waived any right to assert privilege over these relevant records that Defendants' have been unable to obtain at this juncture. Depending on what is contained in the medical records, Defendants anticipate needing to take several depositions of treaters. Plaintiff disagrees with Defendants' position but will elaborate in the upcoming motion on the issue. Second, there are a number of witnesses disclosed by Plaintiff and it has proved difficult at this juncture to locate and serve two of these eye-witnesses and the co-defendant's criminal defense attorney. Finally, the scope of 404(b) discovery is unknown as Plaintiff has disclosed fifteen 404(b) witnesses.

15. This is the first request for an extension and there exists good cause to grant the requested extension in this high value case involving serious allegations, dozens of disclosed witnesses, pending motions affecting discovery, and the number of depositions scheduled by both parties that need to be completed. Furthermore, there are no other deadlines that would be impacted by such an extension as an expert discovery schedule is not in place, a summary judgment deadline has not been set, and there is no trial date.

Wherefore, Defendants, KRISTON KATO, SAMUEL CIRONE, PATRICIA SAWCZENKO, JOHN FARRELL, MICHAEL CHASEN, MICHAEL CRONIN, JOHN RAWSKI, and PAMELA RISLEY, as Special Representative of SERGEANT J. RISLEY, and the CITY OF CHICAGO, and Plaintiff, BERNARD WILLIAMS, respectfully request this Honorable Court grant the Parties' Motion for Extension of Time and extend the close of fact discovery to February 14, 2025.

Respectfully submitted,

/s/ *Daniel Noland*  
Daniel Noland  
Special Assistant Corporation Counsel

/s/ *Christiane E. Murray*  
Christiane E. Murray  
Special Assistant Corporation Counsel

5

| | |
|---|---|
| *One of the Attorneys for City of Chicago* | *One of the Attorneys for Defendant Officers* |

Terrence Burns
Daniel Burns
Daniel Noland
Paul Michalik
Katherine Morrison
Dhaviella Harris
Burns Noland LLP
311 S. Wacker Drive, Ste 5200
Chicago, Illinois 60606
(312) 982-0090
dnoland@burnsnoland.com

Steven Borkan
Timothy Scahill
Graham Miller
Misha Itchhaporia
Christiane Murray
Borkan & Scahill, Ltd.
20 South Clark Street
Chicago, Illinois 60603
(312) 580-1030
cmurray@borkanscahill.com

/s/ Alyssa Martinez
Alyssa Martinez
*One of the Attorneys for Plaintiff*

Arthur Loevy
Jon Loevy
Steve Art
David B. Owens
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen
Chicago, Illinois 60607
(312) 243-5900
alyssa@loevy.com