IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARD WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21 C 00819 |
| | ) |
| KRISTON KATO, SAMUEL CIRONE, | ) Judge Sunil R. Harjani |
| PATRICIA SAWCZENKO, JOHN | ) |
| FARRELL, SERGEANT CHASEN, M. | ) Magistrate Judge Heather K. McShain |
| CRONIN (Star No. 15490), J. RAWSKI (Star | ) |
| No. 3556), Pamela Risley as Special | ) |
| Representative for Deceased Defendant J. | ) |
| RISLEY (Star No. 975), UNKNOWN | ) |
| EMPLOYEES of the CITY OF CHICAGO, | ) |
| and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

**RELEASE AND SETTLEMENT AGREEMENT**

Plaintiff, Bernard Willians by his attorneys, Loevy & Loevy; Defendant, City of Chicago, by its attorney, Mary B. Richardson-Lowry, Corporation Counsel of the City of Chicago; and Defendants, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, and Pamela Risley as Special Representative for Deceased Defendant John Risley by their attorneys Borkan & Scahill, herein stipulate and agree to the following:

1.  This action has been brought by Plaintiff, Bernard Williams, against Defendants, City of Chicago, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, and Pamela Risley as Special Representative for Deceased Defendant John Risley, and makes certain allegations contained in Plaintiff's complaint.

2.  Defendants deny each and every allegation of wrongdoing as stated in Plaintiff's complaint, and, further, deny liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any Defendant and/or the City of Chicago, and its future, current or former officers, agents and employees, and shall not serve as evidence of any wrongdoing by or on the part of any Defendant and/or the City of Chicago, and its future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff, Bernard Williams, agrees to dismiss all of his claims against Defendants, City of Chicago, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, and Pamela Risley as Special Representative for Deceased Defendant John Risley, with each party bearing its own costs and attorneys' fees. Plaintiff agrees that he will be required to execute this Release and Settlement agreement prior to the City's presentation of the settlement agreement to the Chicago City Council and that Plaintiff's offer to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council rejects the settlement agreement.

5. Plaintiff, Bernard Williams, accepts a settlement from Defendant, City of Chicago, in the total amount of SEVEN MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($7,500,000.00), with each party bearing its own costs and attorneys' fees.

6. The City's obligations pursuant to this Release and Settlement Agreement are conditioned upon approval of the settlement agreement by the Chicago City Council. The City will not be obligated to perform its obligations pursuant to this Release and Settlement Agreement until

2

the following events occur: (1) the City receives a copy of this Release and Settlement Agreement executed by Plaintiff and his attorney; (2) the Chicago City Council enacts an ordinance authorizing settlement and payment of the funds agreed upon in this Release and Settlement Agreement; and (3) the court enters an order dismissing this case without prejudice which automatically converts to a dismissal with prejudice 75 days from the entry of the order, with each party bearing its own costs and attorney's fees.

7. The City agrees to pay Plaintiff the total settlement amount as specified in paragraph 5 herein within sixty (60) days of receipt by the Corporation Counsel's Office of all Confidential Matter tendered to Plaintiff and/or his counsel by Defendants under any and all protective orders entered in this matter, or a certification that all such Confidential Matter has been destroyed consistent with the terms of any and all protective orders entered in this matter; a court-entered order dismissing this case without prejudice which automatically converts to a dismissal with prejudice 75 days from the entry of the order; a fully executed settlement agreement; an ordinance of the City Council authorizing the settlement as described in paragraph 6; and any other court-entered order necessary for the disposition of funds, whichever is received latest. This sum shall be payable solely by the City of Chicago, and Plaintiff and/or his attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to Plaintiff, his attorneys, and lien claimants, if any, of which the City has notice.

8. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current, or former officers, agents and employees including, but not limited to, the Individual Defendants, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, and Pamela Risley as Special Representative for

3

Deceased Defendant John Risley, from any claims, losses, damages or expenses, including attorney's fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Release and Settlement Agreement.

9. If any liens whatsoever, statutory or otherwise, are asserted on the proceeds of or payment made by virtue of this Agreement, including but not limited to any attorneys' liens, the parties agree that, in consideration of the payment set forth in Paragraph 5 above, Plaintiff will indemnify, defend, and hold the City of Chicago harmless of and from any and all such liens asserted by any party.

10. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiff does hereby release and forever discharge on behalf of himself and his executors, administrators and assigns, all claims he had or has/have or may have in the future against the Individual Defendants, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, and Pamela Risley as Special Representative for Deceased Defendant John Risley, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims he had, has/have, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also are applicable to any and all unnamed and/or unserved Defendants.

11. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action and shall be binding upon and inure to the benefit of the parties hereto,

4

jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

12. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

13. In entering into this Release and Settlement Agreement, Plaintiff represents that he has relied upon the advice of his attorneys who are the attorneys of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

14. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force an effect the basic terms and intent of this Release and Settlement.

| | |
|---|---|
| _____<br>Bernard Williams, Plaintiff<br>Address: _____<br>_____<br>Date of birth:_____<br>*SSN:_____ | City of Chicago<br>a Municipal Corporation<br><br>Mary B. Richardson--Lowry<br>Corporation Counsel<br>Attorney for Defendant City of Chicago<br><br>BY: _____<br>Jessica Felker<br>Deputy Corporation Counsel<br>2 North LaSalle Street, Suite 420 |

5

| | |
|---|---|
| _____ <br> Jonathan I. Loevy <br> Steven E. Art <br> Arthur R. Loevy <br> David Owens <br> Makeba Rutahindurwa <br> Alyssa Martinez <br> Attorneys for Plaintiff, Bernard Williams <br> Loevy & Loevy <br> 311 N. Aberdeen St., 3rd Floor <br> Chicago, IL 60607 <br> (312) 243-5900 <br> Attorney No. _____ <br><br> FEIN: _____ <br><br> DATE:_____ | Chicago, Illinois 60602 <br> (312) 744-6959 <br> Attorney No. 6296357 <br> DATE: _____ <br><br> _____ <br> Terrence M. Burns <br> Daniel M. Noland <br> Paul A. Michalik <br> Attorneys for Defendant, City of Chicago <br> Special Assistant Corporation Counsel <br> Burns Noland LLP <br> 311 S. Wacker Dr., Suite 5200 <br> Chicago, Illinois 60606 <br> (312) 982-0090 <br> Attorney No. ___3122331_____ <br><br> DATE:_____ |
| *Providing SSN is voluntary | _____ <br> Steven B. Borkan <br> Timothy P. Scahill <br> Misha Itchhaporia <br> Christiane E. Murray <br> Graham Miller <br> Attorneys for Defendants, Kriston Kato, Samuel Cirone, Patricia Sawczenko, John Farrell, Michael Chasen, Michael Cronin, John Rawski, Pamela Risley as Special Representative for Deceased Defendant John Risley <br> Special Assistant Corporation Counsel <br> Borkan & Scahill, Ltd. <br> 20 S. Clark Street, Suite 1700 <br> Chicago, Illinois 60603 <br> (312) 580-1030 <br> Attorney No. _____ <br><br> DATE:_____ |

6